## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**THOMAS BENSON, JR.**                    **CIVIL ACTION**

**VERSUS**                                **NO. 15-782**

**ROBERT ROSENTHAL**                      **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Mary R. Rowe's Motion to Dismiss for Lack of Personal Jurisdiction (R. Doc. 50). For the following reasons, the Motion is DENIED.

This is an action for declaratory judgment in which Plaintiff, appearing as grantor of several trusts, asks this Court to issue a judgment declaring that his attempt to exchange certain assets held by those trusts for other assets of equivalent value was effective. Plaintiff is Thomas Benson, the successful and wealthy owner of the New Orleans Saints and New Orleans Pelicans franchises. Over the course of several years, Plaintiff established various trusts for the benefit of his daughter and grandchildren. Plaintiff created three trusts in

1

2009,[1] three trusts in 2012 (the "2012 Trusts"),[2] a Grantor Retained Annuity Trust in 2012,[3] and a Grantor Retained Annuity Trust in 2014.[4]

Defendant Robert Rosenthal served as trustee of all of the aforementioned trusts at the time of the filing of this lawsuit.  After the filing of this suit, however, Rosenthal resigned as trustee of all of the 2012 Trusts.  Mary R. Rowe accepted her appointment as successor trustee on March 25, 2015. Pursuant to Federal Rule of Civil Procedure 25(c), Plaintiff joined Rowe as a defendant in this action.

In May 2015, Defendant Robert Rosenthal filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  This Court denied that motion, holding that it has specific jurisdiction over Defendant Rosenthal.  In the instant Motion, Defendant Rowe now seeks dismissal of the claims against her on substantially the same grounds.

In its Order and Reasons discussing Defendant Rosenthal's Motion to Dismiss for Lack of Personal Jurisdiction, this Court specifically noted that: "Plaintiff correctly states that a finding of personal jurisdiction over Rosenthal will operate as a finding of personal jurisdiction over Rowe, as a substituted

---

[1]  The trusts are the Renee Benson 2009 Irrevocable Trust, the Rita Benson LeBlanc 2009 Irrevocable Trust, and the Ryan LeBlanc 2009 Irrevocable Trust.

[2]  The trusts are the Renee Benson 2012 Irrevocable Trust, the Rita Benson LeBlanc 2012 Irrevocable Trust, and the Ryan LeBlanc 2012 Irrevocable Trust.

[3]  The Tom Benson 2012 Grantor Retained Annuity Trust.

[4]  The Tom Benson 2014 Grantor Retained Annuity Trust.

successor-in-interest."[5]  This Court reiterates that holding here.[6]  Accordingly, Defendant Rowe's Motion is denied for all of the reasons articulated by this Court in its order denying Defendant Rosenthal's Motion.[7]  That opinion is incorporated by reference here.


### CONCLUSION

For the foregoing reasons, this Motion is DENIED.


New Orleans, Louisiana, this 22nd day of October, 2015.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 36.

[6] *See Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002) ("[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court."); ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed.) ("The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party. In either case, personal jurisdiction and venue will be extended over the successor; it is not necessary to re-establish those requirements.").

[7] *See* R. Doc. 26.

3